JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Kamian Schwartzman, Court-appointed Receiver

**DEFENDANTS**

JOMAC, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

J. Peter Shindel, Jr., Pietragallo Gordon Alfano Bosick & Raspanti, LLP, 1818 Market Street, Suite 3402, Philadelphia, PA 19103

Attorneys (If Known)

Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 U.S.C. Sections 754 and 1692

Brief description of cause:
Ancillary Complaint by Court- appointed Receiver

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE   Berle M. Schiller

DOCKET NUMBER   10-cv-03130

DATE
09/23/2011

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1818 Market Street, Suite 3402, Philadelphia, PA 19103

Address of Defendant: 400 S. Colorado Blvd., Denver, CO 80246

Place of Accident, Incident or Transaction: Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P.7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE IF ANY:*
Case Number: 10-CV-03130   Judge: Berle M. Schiller   Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☒   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☒ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, J. Peter Shindel, Jr. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 9/23/11   _____   201554
                     Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/23/11   _____   201554
                     Attorney-at-Law          Attorney I.D.#

CIV.609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Kamian Schwartzman | : | CIVIL ACTION |
| v. | : | |
| JOMAC, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| _9/23/11_ | J. Peter Shindel, Jr. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 320-6200 | (215) 981-0082 | JPS@Pietragallo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ.6 60) 10/02

## NOTE REGARDING ANCILLARY NATURE OF PROCEEDING

Pursuant to Paragraph 30 of the Order Establishing Receivership Estate (attached to the within Complaint as Exhibit B), this case is ancillary to *Securities and Exchange Commission v. Robert Stinson, Jr., et al.*, No, 10-cv-03130, assigned to the Honorable Berle M. Schiller. The U.S. District Court for the Eastern District of Pennsylvania has exclusive jurisdiction over this matter.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAMIAN SCHWARTZMAN, in his capacity as
Receiver FOR the Receivership Estate Established by
the Order entered September 13, 2010 in *S.E.C. v.*
*Robert Stinson, Jr., et al.*, Civil Action No. 10-03130
(BMS),

                    Plaintiff,

      v.

JOMAC, LLC
    A Colorado Limited Liability Company,

PINNACLE WEALTH GROUP, INC.
    A California Corporation,

REALE PARTNERS, LLC
    A California Limited Liability Company,

MICHAEL P. MCNAMARA
    An Individual,

JOHN H. STAIANO
    An Individual,

BRAD PETERSON
    An Individual,

JACOB COOPER
    An Individual, and

GARY EARLE,
    An Individual,

                Defendants.

CIVIL ACTION NO.

_____

## RECEIVER'S ANCILLARY COMPLAINT

    Receiver Kamian Schwartzman ("Receiver"), by and through his counsel, Pietragallo

Gordon Alfano Bosick & Raspanti, LLP, hereby files this Ancillary Complaint against JOMAC,

1

LLC ("JOMAC"), Pinnacle Wealth Group, Inc. ("Pinnacle"), Reale Partners, LLC ("Reale Partners"), Michael McNamara ("McNamara"), John Staiano ("Staiano"), Brad Peterson ("Peterson"), Jacob Cooper ("Cooper"), and Gary Earle ("Earle") (collectively, the "Defendants"). In support of this Complaint, the Receiver states as follows:

## INTRODUCTION

1.     This action is brought pursuant to the September 13, 2010 Order Establishing Receivership Estate entered by the Honorable Berle M. Schiller in the underlying action brought by the Securities and Exchange Commission ("S.E.C.") against Defendants Robert Stinson, Jr. ("Stinson"); Life's Good, Inc.; Life's Good STABL Mortgage Fund, LLC; Life's Good High Yield Mortgage Fund, LLC; Life's Good Capital Growth Fund, LLC; IA Capital Fund, LLC; and Keystone State Capital Corporation (collectively, the "S.E.C. Defendants"), as well as Relief Defendants First Commonwealth Service Company; Susan L. Stinson; Christine A. Stinson; Michael G. Stinson; and Laura Marable (collectively, the "S.E.C. Relief Defendants") (S.E.C. Defendants and S.E.C. Relief Defendants collectively known hereafter as the "Source Entities"), styled *Securities and Exchange Commission v. Robert Stinson, Jr., et al.*, Civil Action No. 10-03130 ("*Stinson*").  *See* Document Nos. 1 and 29 in *Stinson*.

2.     The Receiver was appointed by separate Order on September 13, 2010.  *See* Document No. 30 in *Stinson*.

3.     The S.E.C.'s underlying action arose out of the fraudulent scheme Stinson operated through certain of the Source Entities from approximately 2006 through June 29, 2010, when the S.E.C. filed its Complaint and requested a temporary restraining order and an order freezing the assets of the Source Entities.  Ultimately, between July 12, 2010 and July 23, 2010,

the Source Entities all entered into Orders by consent granting the S.E.C. a preliminary injunction and freezing the assets of the Source Entities.

4.     On June 20, 2011, the Court entered summary judgment against the Source Entities and found, *inter alia*, that Robert Stinson, Jr. operated Life's Good, Inc. and the Life's Good Funds as a Ponzi scheme. *See Stinson*, 2011 WL 2462038 at *4.

5.     Beginning as early as 2006, Stinson raised at least $16 million from more than 140 investors, selling purported "units" in Life's Good STABL Mortgage Fund, LLC; Life's Good High Yield Mortgage Fund, LLC; Life's Good Capital Growth Fund, LLC; and IA Capital Fund, LLC (collectively, the "Life's Good Funds"). *See id.*; *see also* Document No. 1 in *Stinson* ¶¶ 1-2.

6.     Between April 2009 and May 2010 – just prior to the filing of the S.E.C.'s Complaint – Stinson swindled over $12 million from investors. *See id.*; *see also* Document No. 1 in *Stinson* ¶ 4.

7.     Between January 8, 2009 and June 16, 2010, Defendant JOMAC received at least $550,237.12 from Life's Good, Inc. and the Life's Good Funds, all via wire transfer.  JOMAC did not provide reasonably equivalent value to Life's Good, Inc. or the Life's Good Funds in exchange for the transfers it received.

8.     Between January 8, 2009 and June 29, 2010, JOMAC distributed approximately $450,000.00 to the other Defendants named herein.  These distributions were made without reasonably equivalent value received by JOMAC itself, let alone Life's Good, Inc. or the Life's Good Funds, and the Defendants were unjustly enriched by these payments.  The Receiver's investigation into the exact amount received, directed, and/or induced by the Defendants from all

3

of the Source Entities, as well as to the recipients of transfers from JOMAC who have not been specifically named in this action, remains ongoing.

9.     The Order Establishing Receivership Estate empowers and obligates the Receiver to take control of all the assets of the Source Entities including monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and wherever situated (the "Receivership Property"). *See* Document No. 29 in *Stinson* ¶¶ 1, 5. The Receiver is further obligated, pursuant to the Order Establishing Receivership Estate, to use reasonable efforts to determine the nature, location and value of all Receivership Property, take such action as necessary to preserve the value of Receivership Property, and enter and secure any premises, with the assistance of the United States Marshals Service if necessary, in which Receivership Property or Receivership Records may be located. *See id.* ¶ 20.

10.     In order to secure receivership property for the benefit of investors and to otherwise carry out his duties as delineated by the Court, the Receiver brings this Complaint against Defendants.

## PARTIES

11.     Plaintiff Kamian Schwartzman is vested by the Order Establishing Receivership Estate as a representative of this Court with the full powers of an equity receiver. *See* Document Nos. 29 and 30 in *Stinson*.

12.     JOMAC is a limited liability company organized and existing under the laws of the State of Colorado. JOMAC's registered address is 400 S. Colorado Boulevard, Denver, CO 80246. JOMAC's *de jure* managers and *alter egos* are Michael McNamara and John Staiano.

13.     Pinnacle is a corporation organized and existing under the laws of the State of California. Pinnacle's registered address is 8880 Rio San Diego Drive, Suite 350, San Diego,

CA 92108.  Pinnacle's registered agent for service of process is "SoCal Accounting, Inc.," which has a registered address of 16870 West Bernardo Drive, Suite 400, San Diego, CA 92127.  On information and belief, Pinnacle's *alter ego* is Jacob Cooper.

14.     Reale Partners is a limited liability company organized and existing under the laws of the State of California.  Reale Partners' registered address is 3705 ½ Crane Place, San Diego, CA 92103.  Reale Partners' registered agent for service of process is Legalzoom, Inc.  On information and belief, Reale Partners' *alter ego* is Gary Earle.

15.     McNamara is an adult individual who resides at 4600 S. Ulster Street, Denver, CO 80237, and is the *alter ego* of JOMAC.

16.     Staiano is an adult individual who is located at 400 S. Colorado Boulevard, Suite 610, Denver, CO 80246.  Staiano is the *alter ego* of JOMAC.

17.     Peterson is an adult individual who, on information and belief, resides in Colorado and who is employed by or otherwise associated with JOMAC.

18.     Cooper is an adult individual who, on information and belief, resides in San Diego, CA.  On information and belief, Cooper is the *alter ego* of Pinnacle.

19.     Earle is an adult individual who, on information and belief, resides in San Diego, CA.  On information and belief, Earle is the *alter ego* of Reale Partners.

## JURISDICTION AND VENUE

20.     This Court has ancillary jurisdiction over this action pursuant to 28 U.S.C. § 1367, which provides jurisdiction over the Receiver's state-law claims, and which also confers jurisdiction over the Receiver's entire Complaint, given that the Receiver brings this action to accomplish the objectives of the Order Establishing Receivership Estate entered in *Stinson* and as such this action forms part of the same case or controversy.

21.     This Court is further vested with jurisdiction by the Order Establishing Receivership Estate, which vests exclusive jurisdiction of all Receivership Property in this Court, and which requires that all actions related to Receivership Property or Records to be filed in this Court. *See* Document No. 29 in *Stinson*, ¶¶ 1, 30.

22.     Finally, this Court has jurisdiction pursuant to 28 U.S.C. §§ 754 and 1692.  The Receiver has filed certified copies of the Order Establishing Receivership Estate and Order Appointing Receiver with the United States District Court in each Federal district.  Accordingly, the Receiver is vested with complete jurisdiction and control of any real and/or personal property of the Receivership Estate located in any Federal district, and has the right to take possession of such property, as well as personal jurisdiction over all Defendants properly served under the Federal Rules of Civil Procedure and 28 U.S.C. §§ 754 and 1692.

23.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 754, 1391(b) and 1692.

24.     Joinder of the Defendants and the individual claims against each Defendant in this action is appropriate under Rule 20 of the Federal Rules of Civil Procedure, because (a) each and every claim in this action arises out of the same series of transactions, and (b) questions of both fact and law common to all Defendants will arise in this action.

### JOMAC'S, STAIANO'S, AND MCNAMARA'S
### RELATIONSHIP WITH THE LIFE'S GOOD FUNDS

25.     In 2009, JOMAC, Staiano, and McNamara (the "JOMAC Defendants") entered into agreements with Life's Good, Inc. and the Life's Good Funds through which the JOMAC Defendants would receive a 7% "finder's fee" for each investment placed with the Life's Good Funds, as well as 10% of the net profit from each Life's Good Fund.

26.     Given this arrangement, in order for the Life's Good Funds to have actually made, after expenses, the 10% to 16% returns to investors that the Life's Good Funds touted – claimed

returns of which the JOMAC Defendants were aware – the Life's Good Funds would have had to have generated in excess of a 20% to 25% actual return on investment.

27.      The JOMAC Defendants knew or should have known that such returns were improbable in 2009, given that the Life's Good Funds purported to be private equity real estate funds, the real estate investment bubble had burst in 2008, and the entire country was then in the midst of a severe real estate downturn; perhaps the worst such downturn in U.S. history.

28.      Indeed, since the JOMAC Defendants, as part of their fee agreement with Life's Good, Inc. and the Life's Good Funds, undertook the duty to review the performance of the Life's Good Funds on a daily basis, the JOMAC Defendants had actual knowledge that the claimed returns were fraudulent.

29.      The JOMAC Defendants entered into agreements with Earle, Cooper, Peterson, and PDFP to share in the fees paid out of the Life's Good investments.

30.      The JOMAC Defendants agreed to pay Earle 4.5% of any funds directed to the Life's Good Funds as a result of his efforts.

31.      The JOMAC Defendants agreed to pay Cooper a $15,000.00 initial retainer and $12,500.00 monthly for "consulting services."

32.      On information and belief, the JOMAC Defendants agreed to pay Peterson 7% of any funds directed to the Life's Good Funds as a result of his efforts.

33.      The JOMAC Defendants paid PDFP $10,400.00 out of the funds JOMAC received from Life's Good, Inc. and the Life's Good Funds.

34.      Earle, Cooper, Peterson, and PDFP knew, should have known, or were reckless in not knowing, of: (1) JOMAC's 7% finder's fee arrangement; (2) the touted Life's Good Funds' returns of 10%-16% after expenses; and (3) the conditions of the real estate market that rendered

it improbable for such returns to be legitimate.

## THE FRAUDULENT TRANSFERS

35.     On January 1, 2009, the JOMAC bank account held only $60.99.  On January 8, 2009, the Life's Good STABL Mortgage Fund, LLC (the "STABL Fund") transferred $8,750.00 to JOMAC.  On January 30, 2009, the STABL Fund wired an additional $17,500.00 to JOMAC.

36.     Including those two transfers, between January 8, 2009 and June 29, 2010 (when the Stinson's Ponzi scheme was shut down by the Securities and Exchange Commission), Life's Good, Inc. and the Life's Good Funds wired $550,237.12 to JOMAC.  Because Stinson was running Life's Good, Inc. and the Life's Good Funds as a Ponzi scheme, the transfers to JOMAC were made with the intent to defraud.

37.     Despite these transfers, only $15,287.92 remained in the JOMAC account as of June 30, 2010.  In other words, JOMAC quickly transferred the "finder's fees" it received from Life's Good, Inc. and the Life's Good Funds to the other Defendants named herein, or otherwise disposed of the funds.

38.     Specifically, the Defendants named below received the benefit of funds from JOMAC in the aggregate amounts indicated below:

| Defendant | Amount Received from JOMAC |
|---|---|
| Staiano | $212,642.71 |
| McNamara | $101,769.63 |
| Cooper/Pinnacle | $69,384.00 |
| Peterson | $50,085.91 |
| Earle/Reale | $15,975.00 |
| **Total** | **$449,857.25** |

8

The specific amount and date of each transfer for each recipient named above is reflected in the chart showing all of JOMAC's cash flows attached hereto as Exhibit A. The Receiver's investigation into the approximately $100,000.00 received by JOMAC from Life's Good, Inc. and the Life's Good Funds but not distributed from JOMAC to the defendants named above remains ongoing, and the Receiver reserves the right to join additional defendants to this action should his investigation uncover evidence of additional fraudulent transfers.

## THE SHAM NATURE OF THE CORPORATE DEFENDANTS

39.     JOMAC is the *alter ego* of McNamara and Staiano, as evidenced by, *inter alia*, the facts that: (1) on information and belief, McNamara and Staiano control JOMAC; (2) on information and belief JOMAC is undercapitalized relative to the business in which it seeks to engage and disregarded corporate formalities; (3) JOMAC was used to perpetuate a fraud as alleged herein; and (4) McNamara and Staiano treated assets of JOMAC as though they were assets of their own, as evidenced by, *inter alia*, the May 13, 2009 transaction in which the STABL Fund transferred $51,254.00 to JOMAC, which was immediately transferred out of the JOMAC account for a "Staiano ln payment." *See* May 2009 bank records (attached hereto as Exhibit B).

40.     Pinnacle is the *alter ego* of Cooper, as evidenced by, *inter alia*, the facts that: (1) on information and belief, Cooper controls Pinnacle; (2) on information and belief Pinnacle is undercapitalized relative to the business in which it seeks to engage and disregarded corporate formalities; (3) Pinnacle was used to perpetuate a fraud as alleged herein; and (4) Cooper commingled his assets with those of Pinnacle. For instance Cooper signed a consulting agreement with JOMAC in his personal capacity, only to have all payments allegedly related to Cooper's consulting wired to Pinnacle's account.

9

41.     Reale is the *alter ego* of Earle, as evidenced by, *inter alia*, the facts that:  (1) on information and belief, Earle controls Reale; (2) on information and belief Reale is undercapitalized relative to the business in which it seeks to engage and disregarded corporate formalities; (3) Reale was used to perpetuate a fraud as alleged herein; and (4) Earle commingled his assets with those of Reale.  For instance Earle signed a fee-sharing agreement with JOMAC in his personal capacity, only to have all payments allegedly related to the agreement wired to Reale Properties' account.

## COUNT I – ACTION TO AVOID FRAUDULENT TRANSFER
### (Against all Defendants)

42.     The Receiver incorporates Paragraphs 1-41 as if set forth fully at length herein.

43.     Life's Good, Inc. and the Life's Good Funds transferred funds for the benefit of Defendant JOMAC between January 2009 and June 2010, which transfers totaled at least $550,237.12.

44.     All transfers of the assets of Life's Good, Inc. and/or the Life's Good Funds to, for the benefit of, or at the request of JOMAC were fraudulent transfers.

45.     Because Stinson operated Life's Good, Inc. and the Life's Good Funds as a Ponzi scheme, all transfers of assets from Life's Good, Inc. or the Life's Good Funds to, for the benefit of, or at the request of JOMAC were made with the actual intent to hinder, delay and/or defraud any of Life's Good, Inc.'s and/or the Life's Good Funds' creditors and/or debtors, and are fraudulent.

46.     When the transfers were made to JOMAC, Stinson was operating Life's Good, Inc. and the Life's Good Funds as a fraudulent scheme intending to incur, or believing or reasonably believing that the Life's Good entities would incur, debts beyond their ability to pay them as they became due.

10

47.     When the transfers were made to JOMAC, Life's Good, Inc. and the Life's Good Funds had actual assets that were unreasonably small in relation to the assets invested with them by their investors.

48.     The transfers to Defendant JOMAC were unreasonable in that Stinson, Life's Good, Inc. and the Life's Good Funds failed to receive reasonably equivalent value in exchange for the funds provided to JOMAC.

49.     Defendant JOMAC did not accept the transfers of funds from Life's Good, Inc. or the Life's Good Funds in good faith.

50.     The Receiver is entitled to avoid the fraudulent transfers of assets from Life's Good, Inc. and the Life's Good Funds to, for the benefit of, or at the request of Defendant JOMAC to inure to the benefit of the Receivership Estate and in order to maximize the recovery available to defrauded investors.

51.     Defendants Staiano, McNamara, Cooper, Peterson, Earle, Pinnacle, and Reale received assets of Life's Good, Inc. and the Life's Good Funds from JOMAC from January, 2009 through at least June 30, 2010.

52.     Staiano, McNamara, Cooper, Peterson, Earle, Pinnacle, and Reale are therefore "subsequent transferees" as that term is used in 12 Pa. C.S. § 5101, *et seq.*

53.     None of the subsequent transferees provided reasonably equivalent value to JOMAC, Life's Good, Inc., or the Life's Good Funds.

54.     None of the subsequent transferees took the transferred funds in good faith.

55.     The Receiver is thus entitled to, among other remedies, the avoidance of the transfers from JOMAC to the subsequent transferee Defendants named above.

56.     Staiano, McNamara, Cooper, Peterson, and Earle, are personally liable for the subsequent transfers to their corporate *alter egos* because the corporate form was used to perpetuate a fraud and/or defeat a rightful claim, and holding the individual defendants personally liable will lead to an equitable result.

WHEREFORE, Plaintiff Kamian Schwartzman, in his capacity as Receiver for the Receivership Estate established by Order entered September 13, 2010 in *S.E.C. v. Robert Stinson, Jr., et al.*, Civil Action No. 10-03130 (BMS), respectfully requests this Court enter a judgment in his favor and against Defendants JOMAC, Staiano, McNamara, Cooper, Peterson, Earle, Pinnacle, and Reale avoiding and setting aside the $550,237.12 or more in transfers made by Life's Good, Inc. and the Life's Good Funds, directly or indirectly, through initial or subsequent transfers, to the Defendants.  To the extent the funds have been used to acquire real or personal property in which Defendants claim an interest, the Receiver also seeks a constructive trust and/or equitable lien over those assets or alternatively, recovery of the asset(s) purchased with Receivership Property.  The Receiver also requests interest, costs, and such other and further relief as this Court shall deem just and proper.

## COUNT II – UNJUST ENRICHMENT
### (Against all Defendants)

57.     The Receiver incorporates Paragraphs 1-56 as if set forth fully at length herein.

58.     Life's Good, Inc. and the Life's Good Funds conferred a benefit on Defendants, directly or indirectly, through the transfers described herein.

59.     Defendants knowingly and voluntarily accepted and retained the benefits conferred upon them, directly or indirectly, by Life's Good, Inc. and the Life's Good Funds, to which they had no legitimate claim.

12

60.     Under the factual circumstances as alleged herein, it would be inequitable for Defendants to retain the benefits conferred upon them by Life's Good, Inc. and the Life's Good Funds, as the funds transferred to the Defendants as specifically described herein and/or as subsequently discovered were the product of a Ponzi scheme and were comprised of monies paid into the Ponzi scheme by innocent investors, who were unaware of the scheme being orchestrated by Stinson.  In addition, Defendant JOMAC obtained the benefits from Life's Good, Inc. and the Life's Good Funds under false pretenses in the first instance, and then proceeded to distribute the funds transferred to it by Life's Good, Inc. and the Life's Good Funds to various third parties in exchange for inadequate consideration or value.

WHEREFORE, Plaintiff Kamian Schwartzman, in his capacity as Receiver for the Receivership Estate established by Order entered September 13, 2010 in *S.E.C. v. Robert Stinson, Jr., et al.*, Civil Action No. 10-03130 (BMS), respectfully requests this Court enter a judgment in his favor and against Defendants in an amount of at least $550,237.12, to be determined more fully after discovery and at trial.  To the extent the funds have been used to acquire real or personal property in which Defendants claim an interest, the Receiver also seeks a constructive trust and/or equitable lien over those assets or alternatively, recovery of the asset(s) purchased with Receivership Property.  The Receiver also requests interest, costs, and such other and further relief as this Court shall deem just and proper.

## COUNT III – EQUITABLE ACCOUNTING
### (Against all Defendants)

61.     The Receiver incorporates Paragraphs 1-60 as if set forth fully at length herein.

62.     Defendants have gained possession, custody and/or control of Receivership Property as a result of the fraudulent transfers and unjust enrichment alleged above.

63.     The benefits accruing to Defendants consist of direct transfers of funds, in-kind asset transfers, indirect transfers, and other, similar actions as alleged herein.

64.     The accounts involved are mutual and/or complicated, as alleged herein.

65.     The Receiver is obligated to recover all Receivership Property for the benefit of the Receivership Estate, and has no adequate remedy at law to ensure the return of all such property fraudulently or unjustly transferred into the possession, custody or control of Defendants absent the grant of an equitable accounting.

66.     To the extent the Receiver prevails on his claim for unjust enrichment, he is entitled to an equitable accounting as a matter of law.

14

WHEREFORE, Plaintiff Kamian Schwartzman, in his capacity as Receiver for the Receivership Estate established by Order entered September 13, 2010 in *S.E.C. v. Robert Stinson, Jr., et al.*, Civil Action No. 10-03130 (BMS), respectfully requests this Court enter a judgment in his favor and against Defendants and orders all Defendants to provide Plaintiff with an accounting of any and all property they have received, directly or indirectly, from the Life's Good Funds or other Source Entities, an accounting of their current assets and liabilities, relevant financial statements, and an accounting of all transfers of Defendants' assets since January 1, 2009, and any and all other relief this Court deems just and proper.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**

By: _____

GAETAN J. ALFANO, ESQUIRE
J. PETER SHINDEL, JR., ESQUIRE
I.D. Nos. 32971 and 201554
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200

*Attorneys for Kamian Schwartzman, Receiver*

Dated:  September 23, 2011